IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

HAROLD LATIN                                                              PLAINTIFF

vs.                              Civil No. 4:10-cv-04055

MICHAEL J. ASTRUE                                                      DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Harold Latin ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social

Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of

the Commissioner of the Social Security Administration ("SSA") denying his applications for

Disability Insurance Benefits ("DIB"), Supplemental Security Income ("SSI"), and a period of

disability under Titles II and XVI of the Act.  The parties have consented to the jurisdiction of a

magistrate judge to conduct any and all proceedings in this case, including conducting the trial,

ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 5.[1]

Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final

judgment in this matter.

1. **Background:**

Plaintiff protectively filed applications for DIB and SSI on October 1, 2007.  (Tr. 74, 79).

Plaintiff alleged he was disabled due to several different impairments, including skull, neck, ear and

back fractures; numbness in hands; and limitations in bending, lifting, and standing.  (Tr. 105).

Plaintiff alleged an onset date of September 1, 2007.  (Tr. 105).  These applications were denied

---

[1] The docket numbers for this case are referenced by the designation "ECF No. _____"  The transcript pages
for this case are referenced by the designation "Tr."

initially and again upon reconsideration.   (Tr. 28, 36).   Thereafter, Plaintiff requested an

administrative hearing on his applications, and this hearing request was granted.  (Tr. 41-47).

Plaintiff's administrative hearing was held on April 21, 2009 in Texarkana, Arkansas.  (Tr.

535-582).  Plaintiff was present and was represented by counsel, Michael Angel, at this hearing.  *Id.*

Plaintiff, Vocational Expert ("VE") Judith Harper, and Medical Expert ("ME") Dr. Dorothy Leong

testified at this hearing.  *Id.*  At the time of this hearing, Plaintiff was fifty (50) years old, which is

defined as a "person closely approaching advanced age" under 20 C.F.R. § 404.1563(d), and had

completed high school.  (Tr. 540).

On August 19, 2009, the ALJ entered an unfavorable decision denying Plaintiff's applications

for DIB and SSI.  (Tr. 11-20).  In this decision, the ALJ determined Plaintiff met the insured status

requirements of the Act through December 31, 2011.  (Tr. 13, Finding 1).  The ALJ determined

Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since September 1, 2007, his

alleged onset date.  (Tr. 13, Finding 2).

The ALJ determined Plaintiff had the following severe impairments: major seizure disorder,

status post traumatic head injury with right skull and facial fractures, subarachnoid hemorrhage, and

right frontal craniotomy; right facial palsy with right eye proptosis and loss of visual field; and multi

level degenerative changes of the cervical spine.  (Tr. 13, Finding 3).  The ALJ also determined

Plaintiff's impairments did not meet or medically equal the requirements of any of the Listing of

Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings").  (Tr. 14, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC.

(Tr. 14-19, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found his

claimed limitations were not entirely credible.  *Id.*  Second, the ALJ determined Plaintiff retained

the following RFC:

> the claimant has the residual functional capacity to lift, carry, push and/or pull up to 20 pounds occasionally and 10 pounds frequently, stand and/or walk 6 hours of an eight-hour work day with the need of a cane to walk but not to just stand, sit 6 hours of an eight-hour workday, and never climb ladders, ropes or scaffolds, with monocular vision and seizure precautions.

(Tr. 14, Finding 5).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 19, Finding 6). The ALJ determined Plaintiff's PRW included work as a structural steel worker and welder. (Tr. 19). Based upon his RFC, the ALJ determined Plaintiff would be unable to perform this PRW. *Id.*

The ALJ did, however, find Plaintiff retained the ability to perform other work existing in significant numbers in the national economy. (Tr. 19-20, Finding 10). The ALJ based this finding upon the testimony of the VE. *Id.* Specifically, the VE testified in response to a question from the ALJ that a hypothetical individual with Plaintiff's limitations retained the ability to perform work as a (1) ticket seller with approximately 27,000 such jobs in the regional economy and 300,000 in the national economy, (2) assembler of small products with approximately 15,000 such jobs in the regional economy and 300,000 in the national economy, (3) storage facility rental clerk with approximately 15,000 such jobs in the regional economy and 700,000 in the national economy, and (4) marker (retail) with approximately 30,000 such jobs in the regional economy and 500,000 in the national economy. *Id.* The ALJ then determined Plaintiff had not been under a disability, as defined by the Act, from September 1, 2007 through the date of her decision. (Tr. 20, Finding 11).

Thereafter, Plaintiff requested the Appeals Council review the ALJ's unfavorable decision. (Tr. 7). *See* 20 C.F.R. § 404.968. The Appeals Council declined to review this unfavorable decision. (Tr. 1-3). On April 16, 2010, Plaintiff filed the present appeal. ECF No. 1. The Parties consented

to the jurisdiction of this Court on April 21, 2010.  ECF No. 5.  Both Parties have filed appeal briefs.

ECF Nos. 11-12.  This case is now ready for decision.

## 2. Applicable Law:

In reviewing this case, this Court is required to determine whether the Commissioner's

findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g)

(2006);  *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than

a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to

support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).

As long as there is substantial evidence in the record that supports the Commissioner's decision, the

Court may not reverse it simply because substantial evidence exists in the record that would have

supported a contrary outcome or because the Court would have decided the case differently.  *See*

*Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible

to draw two inconsistent positions from the evidence and one of those positions represents the

findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065,

1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of

proving his or her disability by establishing a physical or mental disability that lasted at least one

year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*,

160 F.3d 1203, 1206 (8th Cir. 1998);  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines

a "physical or mental impairment" as "an impairment that results from anatomical, physiological,

or psychological abnormalities which are demonstrable by medically acceptable clinical and

laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that

his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

In his appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record.  ECF No. 11 at 6-12.  Specifically, Plaintiff claims the ALJ failed to properly determine the severity of Plaintiff's mental impairment by failing to apply a *de minimus* standard at step two of the sequential evaluation process.  In response, the Defendant argues the ALJ did not err in any of her findings.  ECF No. 12.

The Commissioner's regulations set forth a five-step sequential evaluation for assessing disability.  20 C.F.R. §§ 404.1520, 416.920.  Step two is whether the claimant has a severe

impairment that significantly limits the claimant's physical or mental ability to perform basic work activities.

In this matter, the ALJ determined Plaintiff had severe impairments of major seizure disorder, status post traumatic head injury with right skull and facial fractures, subarachnoid hemorrhage, and right frontal craniotomy; right facial palsy with right eye proptosis and loss of visual field; and multi level degenerative changes of the cervical spine.  (Tr. 13, Finding 3).  An impairment is not severe if it amounts to only a slight abnormality that would not significantly limit the claimant's physical and mental ability to do basic work activities.  *See* 20 C.F.R. §§ 404.1521, 416.921; Social Security Ruling (SSR) 96-3p.  The ALJ determined Plaintiff's adjustment disorder did not cause more than a minimal limitation in his ability to perform basic mental work, and therefore, it was not a severe impairment.  (Tr. 13, Finding 3).  Therefore, ALJ did apply the *"de minimus* standard" suggested by Plaintiff in his brief.   ECF No. 11, p. 7 *citing Hudson v Bowen*, 870 F.2d 1392, 1396 (8th Cir. 1989).

Plaintiff argues the ALJ erred by not finding Plaintiff's mental impairment severe.  In support of his argument, Plaintiff solely relies on the consultative report of Dr. Betty Feir, Ph. D.  (Tr. 473-478).  On March 6, 2008, Dr. Feir performed a consultative psychological evaluation which diagnosed Plaintiff with adjustment disorder with depression and anxiety and a global assessment of functioning ("GAF") of 60.  (Tr. 473).

Substantial evidence supports the ALJ's determination that Plaintiff's adjustment disorder was not a severe impairment.  To begin with, the opinion of a consulting physician who examines a claimant once does not generally constitute substantial evidence.  *See Jenkins v. Apfel*, 196 F.3d 922, 925 (8th Cir. 1999).

Additionally, the findings of Dr. Feir do not support a finding of a severe mental impairment. According to the evaluation, Plaintiff stated he felt depressed and helpless since his accident, but admitted he had never been in an inpatient or outpatient counseling situation. (Tr. 473). Dr. Feir noted Plaintiff had no history of prior mental or emotional difficulty, and determined Plaintiff's symptoms were consistent with adjustment disorder with depression and anxiety. (Tr. 477). She further assessed Plaintiff with a GAF score of 60 which means moderate symptoms or moderate difficulty in social, occupational, or school functioning. Am. Psychiatric Ass'n, *Diagnostic & Statistical Manual of Mental Disorders (DSM-IV-TR)* 34 (4th ed., text rev. 2000).

Furthermore, Dr. Feir determined Plaintiff was capable of performing day to day activities of adaptive functioning, including taking care of his personal needs on a daily basis without assistance; helping with things around the house such as dishes, laundry, sweeping, mopping, and taking out the trash; managing his money and paying his bills when he had the resources; counting change from a dollar; driving; administering his own medication; and shopping independently. (Tr. 477). Dr. Feir also indicated Plaintiff was able to communicate effectively and in an adequate manner, and was able to concentrate and comprehend effectively in the interview. (Tr. 477-478).

Further support for the ALJ's findings is based on the fact that Plaintiff had not had any treatment from a psychiatrist or psychologist regarding his adjustment disorder. (Tr. 13). *See Gowal v. Apfel*, 242 F.3d 793, 797-98 (8th Cir. 2001)(in support of the ALJ's finding of no severe mental impairment, there was no evidence of ongoing counseling or psychiatric treatment for depression). In fact, as noted by Dr. Feir, Plaintiff did not even receive any inpatient or outpatient counseling. (Tr. 473).

Finally, Plaintiff did not allege a mental limitation as one of his impairments in his disability

application form.  (Tr. 105).  The Eighth Circuit Court of Appeals has held that the fact Plaintiff did

not allege a specific impairment in his disability application was significant.  *See Dunahoo v. Apfel,*

241 F.3d 1033, 1039 (8th Cir. 2001) (noting the fact that the plaintiff did not allege depression in

his application was significant).

Substantial evidence supports the ALJ determination that the Plaintiff's adjustment disorder

did not cause more than a minimal limitation in his ability to perform basic mental work, and

therefore, it was not a severe impairment.

## 4. **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits

to Plaintiff, is supported by substantial evidence and should be affirmed.  A judgment incorporating

these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **27th day of July, 2011.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE